IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY DUROSS.

       Plaintiff,                     No. 2:10-cv-2225 KJN P

   vs.

CALIFORNIA STATE PRISON, et al.,

       Defendants.           ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel. On August 19, 2010, this action was removed from the Sacramento County Superior Court by defendants.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
4  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.
5      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
6  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
7  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic
8  Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47
9  (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more
10 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
11 allegations sufficient "to raise a right to relief above the speculative level." <u>Id</u>. However,
12 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
13 notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551
14 U.S. 89, 93 (2007) (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 555) (citations and internal
15 quotations marks omitted). In reviewing a complaint under this standard, the court must accept
16 as true the allegations of the complaint in question, <u>id</u>., and construe the pleading in the light
17 most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).
18      It is unclear from the state court complaint whether plaintiff seeks credit toward
19 his restitution amount due or whether he seeks time credits toward his term of imprisonment.[1]
20 Plaintiff's complaint also fails to provide sufficient information as to the nature of his underlying
21 conviction including any order for restitution.
22      The court finds the allegations in plaintiff's complaint so vague and conclusory
23 that it is unable to determine whether the current action is frivolous or fails to state a claim for
24 relief. The court has determined that the complaint does not contain a short and plain statement

---

[1] If plaintiff seeks credit toward his term of imprisonment, he must seek relief through an application for writ of habeas corpus.

as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is also advised that the Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison

1. conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of their confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. Plaintiff must first exhaust his administrative remedies prior to bringing an action in federal court.

On August 19, 2010, defendants filed a request for an extension of time. Defendants seek an order granting defendants thirty days from the date of this court's screening order in which to respond to the complaint. In light of the above screening order, defendants' request will be denied. Defendants are relieved of their obligation to respond to the complaint until such time as the court so directs.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

////

////

3. The Clerk of the Court is directed to send plaintiff the forms for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

4. Defendants' August 19, 2010 request for extension is denied.

5. Defendants are relieved of their obligation to file a responsive pleading until the court so directs.

DATED:   August 24, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

duro2225.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY DUROSS.

        Plaintiff,                       No. 2:10-cv-2225 KJN P

    vs.

CALIFORNIA STATE PRISON,
et al.,                                 NOTICE OF AMENDMENT

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____     Amended Complaint or

        _____     Amended Petition

DATED:

                                            _____
                                            Plaintiff