IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. DUROSS,

    Plaintiff,             No. 2:10-cv-2225 KJN P

    vs.

CALIFORNIA STATE PRISON-
WARDEN, et al.,            ORDER AND

    Defendants.        FINDINGS & RECOMMENDATIONS

_____/

    On August 19, 2010, defendants filed a notice of removal of action under 28 U.S.C. § 1441(b). Defendants claim that plaintiff alleged defendants violated plaintiff's rights not to be punished more than once and to be free from double jeopardy and excessive fines under the Fifth and Eighth Amendments to the United States Constitution. (Dkt. No. 1 at 2.) Because plaintiff's claims were vague and conclusory, plaintiff was required to file an amended complaint. (Dkt. No. 4.) Plaintiff has now filed a first amended complaint.

    Liberally construed, it appears plaintiff seeks to modify the criminal restitution order imposed by the Sacramento County Superior Court. Although plaintiff raises constitutional arguments in support of his complaint, the gravamen of his complaint is a challenge to a state court restitution order, relying heavily on the California Penal Code. Plaintiff is not challenging

1

the conditions of his confinement; that is, he is not challenging how prison officials are removing funds from his prison trust account.[1] Plaintiff is alleging that the balance on his restitution order should be zero. (Dkt. No. 7 at 3.)

Specifically, plaintiff seeks credit for time in custody against the restitution fine pursuant to California Penal Code § 2900.5. (Dkt. No. 8 at 1.) In the motion accompanying his amended complaint, plaintiff seeks an order vacating the restitution order. (Dkt. No. 8.) Also, in the Director's Level Appeal Decision dated June 15, 2010, prison officials directed plaintiff "to address any additional restitution fines/and or his AOJ directly with the Sacramento County Superior Court," finding that "the CDCR[2] has no authority to amend a restitution order issued by the court." (Dkt. No. 7 at 2.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It appears this action was properly filed in state court and remand is appropriate. To the extent plaintiff is claiming that his constitutional rights are being violated by an alleged wrongful restitution order, plaintiff may raise such challenges in the state court proceedings. Therefore, this action should be remanded to the Sacramento County Superior Court.

On September 15, 2010, plaintiff filed a motion to vacate the state court's restitution order. In light of the above, plaintiff's motion will be denied without prejudice to its renewal in state court.

On October 29, 2010, plaintiff filed a motion for ruling on his motion for default judgment filed in the superior court on August 10, 2010. (Dkt. No. 10.) On November 1 and 2, 2010, plaintiff filed additional documents in support of his motion for entry of default. (Dkt. No.

---

[1] Also, plaintiff's claims do not sound in habeas, 28 U.S.C. § 2254, because he does not challenge the fact or duration of his confinement.

[2] "CDCR" is an acronym for the California Department of Corrections and Rehabilitation.

12-13.) Defendants filed an opposition to the motion for entry of default on October 25, 2010.

Defendants were relieved from their obligation to file a responsive pleading by this court's order filed August 26, 2010. Therefore, plaintiff's motion for default is premature and will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 15, 2010 motion (dkt. no. 8) is denied without prejudice.

2. Plaintiff's October 29, 2010 motion for default judgment (dkt. no. 10) is denied.

3. The Clerk of Court is directed to randomly draw a district judge.

IT IS HEREBY RECOMMENDED that this action be remanded to the Superior Court of California, County of Sacramento.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

duro2225.rem