1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MARK A. DUROSS,

11            Plaintiff,                        No. 2:10-cv-2225 MCE KJN P

12       vs.

13
      CALIFORNIA STATE PRISON-
14    WARDEN, et al.,

15            Defendants.                       ORDER

16    _____/

17            On March 9, 2011, the district court remanded this case to the Superior Court of

18    California, County of Sacramento, and directed the Clerk of Court to process plaintiff's appeal.

19    (Dkt. No. 20.)  Plaintiff's appeal is pending in the Court of Appeals for the Ninth Circuit.

20            On March 15, 2011, plaintiff filed a document styled, "Notice of Motion for

21    Hearing of motion to Vacate Judgment."  (Dkt. No. 22.)  Although plaintiff's motion is not

22    entirely clear, the court construes plaintiff's motion as a motion to vacate the order of remand

23    under Rule 60(b) of the Federal Rules of Civil Procedure.

24            Rule 60(b) provides:

25            (b) Grounds for Relief from a Final Judgment, Order, or
              Proceeding. On motion and just terms, the court may relieve a
26            party or its legal representative from a final judgment, order, or

                                              1

proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's filing is very unclear.  Plaintiff has appended as exhibits documents that appear to be copies of filings from his Sacramento County Superior Court action, as well as copies of every document filed in the instant action,[1] including court orders.  (Dkt. No. 22, *passim*.)  Plaintiff is advised that the instant court record contains the documents initially filed in the Sacramento County Superior Court proceeding that was removed to this court.  (Dkt. No. 1.) In addition, the court electronically retains all filings in the instant action; plaintiff is not required to provide copies of those filings either.  Plaintiff may refer to previously-filed documents by name, date, or other identifying feature, rather than re-submitting the document.

On the first page of the motion to vacate, in the section reserved for reasons for the motion to vacate, plaintiff states (1) he does not seek discharge from state prison; and (2) plaintiff was granted a fee waiver, but would file another fee waiver.  (Dkt. No. 22 at 1.) Plaintiff provided no other explanation or legal authorities for the instant motion.

Plaintiff's statement that he does not seek discharge from state prison is his

---

[1]  Three pages that appear to be directed to this court (dkt. no. 22 at 52-54) are copies from plaintiff's October 19, 2010 motion (dkt. no. 10 at 13-15).

1   response to the court's footnote advising plaintiff that he cannot obtain such relief in a civil rights

2   action. (Dkt. No. 20 at 1 n.2.)  Importantly, plaintiff has now provided a copy of a Sacramento

3   County Superior Court decision addressing plaintiff's 23rd habeas corpus petition, informing

4   plaintiff that his claim that California Penal Code § 1205(a) entitles him to have his restitution

5   order deemed paid in full based on the number of days he has served on his sentence is

6               utterly devoid of merit, as Penal Code § 1205(a) is not meant to
             apply when a defendant is sentenced to a term in state prison; nor
7             does it apply to restitution orders, unless the defendant has
             defaulted on payment of other fines (see Penal Code § 1205(e)).  In
8             any event Penal Code § 1205(a) places the decision to convert a
             fine to days of imprisonment in the discretion of a court, to be
9             made at the time of sentencing, which was not done in this matter.

10   (Dkt. No. 22 at 84.)  It appears plaintiff could not seek habeas corpus relief challenging his 1999

11   conviction at this late date.

12          In any event, the instant case was not remanded based on the court's footnote.

13   The instant case was remanded to state court based on plaintiff's efforts to modify the criminal

14   restitution order imposed by the Sacramento County Superior Court.  (Dkt. No. 16 at 1-2.)

15   Therefore, plaintiff's first reason is not subject to Fed. R. Civ. P. 60(b) review.

16          With regard to plaintiff's fee waiver, plaintiff was previously granted a fee waiver

17   in state court.  The order remanding the case to state court did not address the issue of plaintiff's

18   right to proceed in forma pauperis.  Because plaintiff's in forma pauperis status was not at issue

19   in the remand order challenged by plaintiff, it is not subject to Fed. R. Civ. P. 60(b) review.

20          For the above reasons, plaintiff's motion to vacate is denied without prejudice.

21          On March 23, 2011, plaintiff filed a request for leave to proceed in forma pauperis

22   on appeal pursuant to 28 U.S.C. § 1915.  However, the certificate portion of the request which

23   must be completed by plaintiff's institution of incarceration has not been filled out.  Also,

24   plaintiff has not filed a certified copy of his prison trust account statement for the six month

25   period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  Plaintiff

26   did provide copies of his fee waiver received in state court.  However, this information is from

3

2009 and is too stale for the court to use in the instant action.  Therefore, plaintiff will be provided the opportunity to submit a completed in forma pauperis application and a certified copy in support of his application.

IT IS HEREBY ORDERED that:

1.  Plaintiff's March 15, 2011 motion (dkt. no. 22) is denied without prejudice;

2.  Plaintiff's March 23, 2011 motion (dkt. no. 24) is denied without prejudice;

3.  The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

4.  Plaintiff shall submit, within thirty days from the date of this order:

A.  A completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court; .

B.  A certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.

DATED:  March 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

duro2225.60b

4